Peter Johnson, appellee, v. J. M. Leidy, appellant.

Filed May 20, 1910. No. 16,510.

1. Intoxicating Liquors: "License Year." The mayor and council of metropolitan cities may, for the purpose of licensing and regulating the sale of intoxicating liquors, declare the municipal or license year to be the same as, and coextensive with, the fiscal year fixed by the terms of the city charter; and the board of fire and police commisioners of such city may grant a license therefor commencing on the 1st day of January and terminating on the 31st day of December of the current year.

2. Case Distinguished. *Reusch v. City of Lincoln,* 78 Neb. 828, distinguished.

Appeal from the district court for Douglas county: Lee S. Estelle, Judge. *Affirmed.*

*L. D. Holmes* and *Elmer E. Thomas,* for appellant.

*John P. Breen, contra.*

Barnes, J.

Peter Johnson applied to the board of fire and police commissioners of the city of Omaha for a license to sell

malt, spirituous and vinous liquors from the 1st day of January, 1910, to the 1st day of January, 1911. The board granted the prayer of his petition and issued to him a license ending on the 31st day of December, 1910. One J. M. Leidy protested against the issuance of this license, and appealed from the order of the board. The district court for Douglas county affirmed the order, and from that judgment the protestant has appealed to this court.

Appellant contends that the district court erred in affirming the order of the board, and argues that the board of fire and police commissioners of the city of Omaha cannot issue a license extending beyond the municipal year; that the municipal year of that city extends from the third Monday in May in each year to the third Monday in May of the succeeding year; that the license in question in this case, which was issued on the 1st day of January, 1910, was void because it extended beyond the third Monday in May of that year. This is the only question presented for our determination. To support his contention appellant cites *Reusch v. City of Lincoln*, 78 Neb. 828. In that case we had occasion to determine what constituted the municipal year in the city of Lincoln, and it was held, for reasons therein stated, that the municipal year in that city commenced on the 3d Tuesday in May of each year and ended on the Monday preceding that date in the following year; but it does not follow that the municipal year in metropolitan cities is the same as in cities of the first class. It appears that, when our present liquor law took effect the charter of the city of Lincoln provided for annual elections. For that reason, and in order to comply with the spirit of the act, the mayor and council of that city determined that the so-called municipal or political year should commence when the newly elected officers entered upon the performance of their official duties. That rule has been continued to the present time, and was approved in *Reusch v. City of Lincoln, supra.* It further appears that, when chapter

50 of the Compiled Statutes was enacted, the charter of the city of Omaha provided for biennial elections, and the fiscal year in that city was fixed by law as commencing on the 1st day of January of each year and ending on the 31st day of December following. In compliance with the provisions of that chapter, the mayor and council of that city determined that the municipal or political year, in other words, the license year, should be considered the same as the fiscal year, and that rule has been observed by the city authorities from that time to the present. We find that the charter of the city of Omaha contains no reference to a municipal year; the law relating to the license and sale of intoxicating liquors nowhere defines the term municipal year, and it is therefore incumbent upon us to ascertain, if possible, what should be considered the municipal year for that purpose in the city of Omaha.

Section 100, ch. 12a, Comp. St. 1909, which constitutes the charter of metropolitan cities in this state, provides that the city comptroller of such cities shall prepare, and cause to be published, in pamphlet form, a statement of the receipts and expenditures of the city during the fiscal year, commencing January 1, and terminating December 31, annually. Section 101, among other things, provides that during the month of December of each year the mayor and city council shall prepare or cause to be prepared a list of all supplies required for each office and department or board for the ensuing year. It further appears that the mayor and council in the month of December of each year are required to make an estimate of the expenses necessary to properly conduct the city government for the ensuing fiscal year; that at their meeting in January city taxes are levied for all purposes in compliance with the estimate so made. It is therefore evident that the fiscal year for the city of Omaha begins on the 1st day of January and ends on the 31st day of December of each year, and for convenience, and in order to facili-

tate its business, the mayor and council adopted the fiscal year as their license or municipal year.

Again, in view of the fact that the board of fire and police commissioners of the city of Omaha were formerly appointed by the governor, it is clear that the policy of the city government in relation to license and sale of intoxicating liquor has never been determined by the election of an excise board. It is also apparent that at the present time, by the election of the board of fire and police commissioners for the period or term of three years, the policy of the government of that city in relation to the license and sale of intoxicating liquors is now determined at each triennial election, with no opportunity for the voters to express themselves in favor of a change of such policy during that time. We can therefore see no reason for abrogating the rule above mentioned.

It appears that the present board of fire and police commissioners of the city of Omaha were elected on the first Tuesday in May, 1909, and their term of office will not expire until May, 1912. The license in question in this case was issued on January 1, 1910, and expires December 31 of that year, so there can be no change of policy in relation to the license and sale of intoxicating liquors during the life of this license. It is contended, however, that, if January 1 is held to be the commencement of the license year, the present board on the 1st day of January, 1912, may issue a license which will extend beyond their term of office, and that by issuing such a license they may determine the policy of the city of Omaha or their successors in office in relation to the license and sale of intoxicating liquors for more than six months beyond the expiration of their official term, and that the license in question is therefore void. As above stated, that question is not involved in this controversy, and may never arise, for it is possible that, before the expiration of the term of office of the present board, state wide prohibition or county option will have been adopted.

We therefore decline to express any opinion as to the validity of a license which may be issued on the 1st day of January, 1912, and extend beyond the time of the expiration of the official life of the present board of fire and police commissioners.

Finally, we are of opinion that it was within the power of the mayor and council of the city of Omaha to declare the municipal year to be co-extensive with the fiscal year designated in the city charter, and this rule is not in conflict with the provisions of sec. 25, ch. 50, Comp. St. 1909, which provides that the corporate authorities of cities and villages shall not have power to issue a license which extends beyond the municipal year in which it shall be granted.

For the foregoing reasons, the judgment of the district court was right, and it is therefore

AFFIRMED.